IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REV. RYAN "SASHA" GALLAGHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2250-K-BN |
| | § | |
| FBI, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Rev. Ryan "Sasha" Gallagher filed this *pro se* action in a state court in Dallas County. *See* Dkt. No. 1-4. Defendant Federal Bureau of Investigation removed it under 28 U.S.C. § 1442(a)(1). *See* Dkt. No. 1.[1]

The removed case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The FBI now moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) and, alternatively, Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 7. And Gallagher has responded. *See* Dkt. Nos. 8, 9, 10, 12, & 15.

---

[1] *See also IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. Unit B 1982) ("The only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency. There is no indication in § 1442 that the federal court must have subject matter jurisdiction over the claim against the federal officer. To the contrary, § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." (footnotes and citations omitted)).

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss, dismiss this action without prejudice for lack of subject matter jurisdiction, and sanction Gallagher by amending (and thereby expanding) the filing restrictions previously imposed on him.

## Applicable Background

"Gallagher is no stranger to the federal courts.... [H]e is a serial litigator, having filed over 30 cases since 2016 in federal district courts nationwide." *Gallagher v. Wray*, No. 3:19-cv-930-N-BK, 2019 WL 2719285, at *2 (N.D. Tex. May 24, 2019), *rec. accepted*, 2019 WL 2716542 (N.D. Tex. June 28, 2019). And more than one judge of this Court has previously imposed sanctions against him, preventing Gallagher from proceeding either *pro se* or *in forma pauperis* in this Court without first obtaining leave of the Court. *See, e.g., id.*; *Gallgher v. Ole Miss (Univ. of Miss.)*, No. 3:19-cv-1251-B-BN, 2019 WL 2617981 (N.D. Tex. May 28, 2019), *rec. accepted*, 2019 WL 2617055 (N.D. Tex. June 26, 2019).

Regarding this action, as the FBI explains in its motion to dismiss,

> [t]he sanctions and litigation restrictions imposed by Judge Godbey and Judge Boyle appear to have prompted Gallagher to begin filing his most recent new cases – including the present one – in state court rather that in federal court. On August 2, 2019, Gallagher filed the instant suit in state court in Dallas County against the FBI. In the petition, Gallagher explains that he is filing a "Sister Case to the Religious Marijuana Case"; references the police protests in Ferguson, Missouri and the New Black Panther Party; states that "DOJ has now created a Criminal Class called 'Black Identity Extremists'"; alleges that the FBI has questioned him and is "Trolling me on the Internet"; and requests unspecified "Damages and Restitution."

Dkt. No. 7 at 2-3 (quoting Dkt. No. 1-4 at 1-4).

**The Motion to Dismiss**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, however, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

"The United States enjoys sovereign immunity from suit, meaning it cannot be

-4-

sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). Accordingly, "[a] plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

The sovereign immunity of the United States extends to its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))). Sovereign immunity therefore extends to the FBI. *See, e.g., Jenoriki v. U.S. Postal Inspection Serv.*, 24 F.3d 240 (table), 1994 WL 243467, at *1 (5th Cir. May 23, 1994) (per curiam) ("The FBI, as an agency of the United States, is entitled to sovereign immunity." (citations omitted)).

Gallagher sues the FBI for unspecified damages and other relief, while failing to identify (1) a basis to bring suit against the agency and (2) how the FBI has waived its immunity from suit. Failure to identify this waiver alone justifies dismissal under Rule 12(b)(1). *See, e.g., Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) ("Waiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." (citing *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 480 (5th Cir. 2013))).

And, to the extent that Gallagher sues the FBI for tortious conduct – as appears likely, liberally construing the allegations of his state court petition – the Federal Torts Claims Act ("FTCA") "is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Willoughby*, 730 F.3d at 479 (citing 28 U.S.C. § 2679(a)). That statute's "limited waiver of sovereign immunity [ ] allows plaintiffs to bring state law tort actions against the federal government." *Tsolmon*, 841 F.3d at 382 (citing 28 U.S.C. § 2674). And "[c]ourts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." *Id.* (citing *Willoughby*, 730 F.3d at 479; 28 U.S.C. § 1346(b)(1)). But such claims "may be brought against only the United States, and not the agencies or employees of the United States." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). "[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Id.* (citations omitted).

Further, because the FBI did not waive its sovereign immunity, particularly through Gallagher's filing of this action in state court, *see* 28 U.S.C. § 1346(b)(1), removal under Section 1442 also leaves this Court without subject matter jurisdiction under the doctrine of derivative jurisdiction. That doctrine

> maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction. Thus, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had

jurisdiction."

*Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). In *Lopez*, the United States Court of Appeals for the Fifth Circuit, joining "both circuits to have considered the issue," concluded that "the plain language" of 28 U.S.C. § 1441(f), as amended in 2002, evidences Congress's intent "'to keep the [derivative jurisdiction] doctrine in place' for removals other than those under § 1441." *Id.* at 352 (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011); citing *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 246 (4th Cir. 2007) ("Whatever the intent of the 2002 amendment, its result was that § 1441(f) is more clear than former § 1441(e) in abrogating derivative jurisdiction only with respect to removals effectuated under § 1441.")). Thus, although Section 1441(f) may abrogate the doctrine for cases removed under Section 1441, the derivative jurisdiction doctrine still applies to cases removed under Section 1442, such as this one.

## Sanctions

As explained above, this Court previously sanctioned Gallagher by barring him from proceeding either *in forma pauperis* or *pro se* as to any action that he may file in this Court without first obtaining leave of the Court. The filing of this action in state court is evidence of Gallagher's attempt to evade these sanctions. The Court should therefore expand these previously-imposed filing restrictions by barring Gallagher from proceeding either *in forma pauperis* or *pro se* in any action in this Court – whether filed here, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – without first obtaining leave of the Court.

## Recommendation

The Court should grant the FBI's motion to dismiss [Dkt. No. 7], dismiss this action without prejudice for lack of subject matter jurisdiction, and sanction Plaintiff Ryan Gallagher by amending (and thereby expanding) the filing restrictions previously imposed on him.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE